FIDELITY & CASUALTY CO. OF NEW YORK v. SEAGRIST et al.

(Supreme Court, Appellate Division, First Department. February 6, 1903.)

1. DISCOVERY—BOOKS OF ACCOUNT—ABILITY TO PRODUCE.

Where plaintiff was entitled to discovery and inspection of the books of the firm, the fact that the firm had dissolved, and all its books and papers relating to its business had been turned over to a corporation which succeeded to its business, was no defense to plaintiff's application, the previous members of the firm having become the executive officers of the corporation, and there being no allegation that the books were not under their control, or that they were unable to produce them for inspection.

2. SAME—ORDER—MODIFICATION.

Where plaintiff was entitled to discovery of the amount of wages paid defendant's employés, and the number of persons employed during the continuance of certain indemnity policies, an order requiring defendant to produce its ledgers, cashbooks, timebooks, timesheets, and all other books showing the amount of wages paid to its employés during the period covered by the policies, was too broad, and should be modified so as to only require a production of cashbooks, timebooks, and timesheets during such period.

Appeal from special term, New York county.

Action by the Fidelity & Casualty Company of New York against Francis W. Seagrist, Jr., and others, composing the firm of F. W. Seagrist, Jr., & Co. From an order granting discovery of defendants' books, defendants appeal. Modified.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Charles C. Sanders, for appellants.
Charles C. Nadal, for respondent.

INGRAHAM, J. The question upon this appeal is substantially the same as that presented in Casualty Co. v. F. W. Seagrist, Jr., Co. (decided herewith) 80 N. Y. Supp. 277. The only additional fact to which attention should be called is that it is alleged by the defendants that they have dissolved partnership, and that all of their books and papers relating to the copartnership business were turned over to the F. W. Seagrist, Jr., Company more than three years before this application was made. It appears, however, that the corporation succeeded to the business of the copartnership, and that the members of this copartnership are executive officers of the corporation. The defendants do not allege that these books are not under their control, or that there is any real obstacle in the way of their compliance with the order appealed from. We think, however, that the order is too broad, and that it should be modified by requiring the defendants to produce the cashbooks, timebooks, and timesheets used by them during the period covered by the policies of insurance, to wit, from March 21, 1895, to March 21, 1896, and from May 1, 1896, to May 1, 1898, and as modified affirmed, without costs of this appeal. All concur.